IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

LORI JENKINS, on behalf of herself and
all others similarly situated,

    Plaintiff,

v.                                         CIVIL NO. 2:21cv495

NVR, INC. and NVR MORTGAGE
FINANCE, INC.,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court upon NVR, Inc. ("NVR") and NVR Mortgage Finance, Inc.'s ("NVRM") (collectively "Defendants") Motion to Transfer Pursuant to 28 U.S.C. § 1404(a). ECF No. 9. The Court finds that transfer to the Alexandria Division of the United States District Court for the Eastern District of Virginia would serve the convenience of the parties and witnesses and the interest of justice. For the reasons set forth herein, the Court **GRANTS** Defendants' Motion to Transfer, ECF No. 9, and **ORDERS** this case be transferred to the United States District Court for the Eastern District of Virginia, Alexandria Division.

### I.    PROCEDURAL HISTORY

The instant case is the result of Lori Jenkins' ("Plaintiff Jenkins") dismissal from a separately pending Fair Labor Standards Act ("FLSA") collective action in Florida. ECF No. 9 at 3. Plaintiff Jenkins initially opted into a FLSA suit in the United States District Court for the Southern District of Florida. See Cossaboom v. NVR, Inc. et al., 9:21-cv-80627-AMC (S.D. Fla. 2021), Dkt. 10, 24, 25, 47, 53. On May 4, 2021, Defendants moved to dismiss the out-of-state

1

plaintiffs from the Cossaboom case because the court lacked personal jurisdiction over the claims of the non-Floridian plaintiffs. Id., Dkt. 16. The court granted Defendants' motion to dismiss for lack of personal jurisdiction. Id., 60. On September 3, 2021, Plaintiff Jenkins filed the Complaint for this case in the United States District Court for the Eastern District of Virginia, Norfolk Division. ECF No. 1. Importantly, on September 3, 2021, Joel Hughes, who was also dismissed from the Cossaboom case, filed a new case against Defendants on behalf Defendants' loan processors ("LP") concerning the same alleged failure to compensate properly for overtime hours worked. See Hughes et al. v. NVR, Inc. et al., Case No. 1:21-cv-01018. All of the parties in this case, the Cossaboom case, and the Hughes case are represented by the same attorneys.

On October 5, 2021, Defendants filed their Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). ECF No. 9. Plaintiff Jenkins filed her Response in Opposition on October 19, 2021. ECF No. 29. Finally, on October 25, 2021, Defendants filed their Reply to Plaintiff's Response in Opposition. ECF No. 30. This Court held an adversarial hearing on December 2, 2021.

## II. BACKGROUND

Plaintiff Jenkins filed this case as a collective action under the FLSA. The Complaint alleges that Defendants deprived loan officers ("LO"), like Plaintiff Jenkins, of overtime pay by improperly asking them not to report their overtime hours. ECF No. 1 ¶ 47. Specifically, Plaintiff Jenkins alleges that Defendants' management team instructed her and the other plaintiffs to record only forty (40) hours per week on their timesheets, even when they had worked overtime hours. Id. ¶ 43. Plaintiff Jenkins is a resident of Virginia Beach, Virginia, and she worked as a LO for Defendants in Chesapeake, Virginia, from approximately October 2017 through October 2019. Id. ¶¶ 3–4. Defendants' headquarters are in Reston, Virginia, which is located in the Alexandria Division. ECF No. 9-1 ¶ 12.

Importantly, the other opt-in plaintiffs do not reside within the Norfolk Division. Eva

Christenson ("Plaintiff Christenson") worked for Defendants in Dumfries, Virginia, which is located in the Alexandria Division. Id. ¶ 5. Ellen Bailes ("Plaintiff Bailes") worked for Defendants in Fairfax, Virginia, which is also located in the Alexandria Division. Id. ¶ 8. Plaintiffs Galan, Gardner, and Tapscott live and worked for Defendants outside of Virginia. Id. ¶ 11.

### III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." The decision to transfer venue is committed to the sound discretion of the district court. S. Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956). In considering a motion to transfer, the court makes two inquiries: (1) whether the claims could have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and witnesses support transfer. Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003).

### IV. ANALYSIS

#### A. THE CAUSE OF ACTION COULD HAVE BEEN BROUGHT IN THE ALEXANDRIA DIVISION

With respect to the first requirement, the question is whether the suit could have been validly brought in the Alexandria Division. Thus, the Court must consider whether venue is proper in the Alexandria Division.

According to Local Civil Rule 3(C) of the United States District Court for the Eastern District of Virginia, "venue rules . . . shall apply to determine the proper division in which an action shall be filed." When determining the division in which venue is proper, the district court should read 28 U.S.C. § 1391 et seq. "as if the terms 'judicial district' and 'district' were replaced with the term 'division.'" Id. Venue is, therefore, proper in a division in which any defendant

3

resides, if all defendants are residents of the state in which the division is located, or in a division in which a substantial part of the events or omissions giving rise to the claim occurred. See 28 U.S.C. § 1391(b)(1)–(2).

Defendants are both residents of the Alexandria Division, as their headquarters are located in Reston, Virginia. See Rogers v. Civil Air Patrol, 129 F. Supp. 2d 1334, 1337 (M.D. Ala. 2001). Additionally, Plaintiff Christenson and Plaintiff Bailes worked in the Alexandria Division, along with their managers, which indicates that a substantial part of the events giving rise to their claims occurred in the Alexandria Division. Consequently, venue is proper under either § 1391(b)(1) or (2). Thus, this action could have been properly brought in the Alexandria Division. Plaintiff Jenkins does not dispute that this claim could have been filed in the Alexandria Division. ECF No. 29 at 4 n.1.

### B. THE CIRCUMSTANCES FAVOR TRANSFER

With this threshold inquiry met, the Court turns to the question of the convenience of the parties and witnesses and the interest of justice. In addressing this question, the Court considers four factors: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; and (4) the interest of justice. Heinz Kettler GMBH & Co. v. Razor USA, LLC, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010). A district court should grant transfer "[w]hen the movant demonstrates that the transferee venue is clearly more convenient." In re Volkswagen of Am., Inc., 545 F.3d 304, 314 (5th Cir. 2008). Section 1404(a) is intended "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26–27 (1960)).

#### 1. Plaintiff's Choice of Forum

A plaintiff's choice of forum is typically entitled to substantial weight. Id. However, "a

4

plaintiff's chosen venue is not given such substantial weight when the plaintiff selects a forum other than its home forum and the claims bear little or no relation to the chosen forum." Koh, 250 F. Supp. 2d at 633. Indeed, "[t]he level of deference to a plaintiff's forum choice 'varies with the significance of the contacts between the venue chose by the plaintiff and the underlying cause of action.'" Pragmatus AV, LLC v. Facebook, Inc., 769 F. Supp. 2d 991, 995 (E.D. Va. 2011) (quoting Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1256 (E.D. Va. 1988)).

Defendant argues that the Court should afford little to no weight to Plaintiff Jenkins' choice of forum because Plaintiff Jenkins is the only plaintiff that resides within the Norfolk Division. ECF No. 9 at 6. Plaintiff Jenkins counters this argument by stating that her choice of forum weighs against transfer because she resides within the Norfolk Division, and the opt-in nature of a collective action suggests that any plaintiff who opts-in deems the forum convenient. ECF No. 29 at 6–7. However, Plaintiff Jenkins had previously been a plaintiff in the Cossaboom case, which rebuts her present position.

While Plaintiff Jenkins' choice of forum should be given weight, the fact that Plaintiff Jenkins, along with the other plaintiffs, have put Defendant's overtime policies at issue strengthens the nexus this case shares with the Alexandria Division and diminishes the amount of deference owed to Plaintiff Jenkins' choice of forum. The overtime policies at issue were issued and created at Defendants' headquarters in Reston, Virginia. See Dacar v. Saybolt, LP, 2011 WL 23877, at *4 (E.D.N.C. Jan. 24, 2011) (holding plaintiff's choice of forum in an FLSA case was entitled to much less weight because plaintiff challenged defendant's compensation policies, which originated at defendant's headquarters in the proposed transferee forum); see also Earley v. BJ's Wholesale Club, Inc., 2007 WL 1624757, at *2–3 (S.D.N.Y June 4, 2007) (finding that because

plaintiff challenged defendant's overtime policies, transfer was appropriate to Massachusetts, where defendant was headquartered).

Plaintiff Jenkins' choice of forum is relevant because there is a connection between the forum in the Norfolk Division and her claim against Defendants. Not only does Plaintiff Jenkins live in the Norfolk Division, she worked here for Defendants as an LO during the period in question. Accordingly, Plaintiff Jenkins' choice of forum carries some weight, though less than it otherwise might because she challenges Defendants' overtime policies that stem from the Alexandria Division. Additionally, she is the only plaintiff of the six current plaintiffs that resides in the Norfolk Division.

### 2.     Convenience of the Parties

A federal court considering a motion to transfer venue must also consider how convenient transfer would be for the parties and the witnesses. The Alexandria Division is clearly the more convenient forum for Defendants. Defendants have their headquarters in the Alexandria Division. ECF No. 9-1 ¶ 12. Plaintiff Jenkins, however, resides in the Norfolk Division. ECF No. 1, ¶ 43. Plaintiff Bailes and Plaintiff Christenson both reside in the Alexandria Division, while the other three plaintiffs reside outside of Virginia. ECF No. 9-1 ¶ 5–11. This Court finds it noteworthy that Plaintiff Jenkins would be the only plaintiff inconvenienced by proceeding in the Alexandria Division. If forced to litigate in the Norfolk Division, the plaintiffs in the Alexandria Division will have to drive approximately three (3) hours to appear in Norfolk, while the out-of-state plaintiffs will have to fly into an area with far fewer flight options than Alexandria.

Furthermore, Plaintiff Jenkins' own actions indicate that she is willing to assume the inconvenience of a transfer because she was prepared to bring her claim against Defendants in the Cossaboom case, which is currently being litigated in the United States District Court for the Southern District of Florida. The only reason she could file the present case in the Norfolk

Division is because she was dismissed from the Cossaboom case for lack of personal jurisdiction.

Another consideration that Defendants raise is that the ease of access to sources of proof is relevant to the convenience of the parties. See Lycos. Inc. v. TiVo, Inc., 499 F. Supp. 2d 685, 693 (E.D. Va. 2007). Defendants argue that "most of the documentary evidence likely to be used during the course of this litigation is located at Defendants' headquarters in the Alexandria Division." ECF No. 9 at 9. The Court gives little weight to the location of such records since it appears that they can easily be transmitted electronically. Schrader-Bridgeport Int'l, Inc. v. Cont'l Auto. Sys. US, Inc., 2012 WL 503602, at *6 (W.D. Va. Feb. 15, 2012). Despite giving little weight to this consideration, courts have nevertheless held that the access to documents favors transfer more than it disfavors it. See Dacar, 2011 WL 223877, at *7

While the Court agrees that transferring the case to the Alexandria Division would be less convenient for Plaintiff Jenkins, it is far more convenient for all of the other plaintiffs, especially the two plaintiffs who reside and worked in the Alexandria Division, and it is also more convenient for Defendants. Plaintiff Jenkins has shown by her past actions as a participant as a plaintiff in the Florida FLSA collective action that inconvenience is really not an issue. Regardless of which forum is chosen, some plaintiffs may be inconvenienced; however, transferring the case to the Alexandria Division would mitigate the inconvenience for most of the parties. The Court thus finds that the convenience of the parties weighs in favor of transfer.

### 3. Convenience of the Witnesses

Turning to the convenience of the witnesses, this is often the dispositive factor in deciding transfer motions. Baylor Heating, 702 F. Supp. At 1258. The Court finds that the Alexandria Division is a more convenient forum for the witnesses. Defendants' headquarters are in Reston, Virginia, and they allege that the majority of their employees with knowledge related to the matter are based in Reston. ECF No. 9 at 8. These witnesses in the Alexandria Division are Defendants'

7

employees, and such would be considered under Defendants' control. See Ramsey v. Fox News, Network, LLC, 323 F. Supp. 2d 1352, 1356 (N.D. Ga. 2004) (transferring a case to the Eastern District of Virginia from the Northern District of Georgia). Defendants cite at least five witnesses they assert would be necessary to call at trial that reside in the Alexandria Division. ECF No. 9-1 ¶¶ 6–10. Importantly, only a few potential witnesses related to Plaintiff Jenkins are located in the Norfolk Division. Id. ¶¶ 3–4.

Plaintiff Jenkins responds that the availability of electronic discovery and remote depositions mitigates the inconvenience that any party will suffer if the case remains in the Norfolk Division. ECF No. 29 at 8–9. While it is true that electronic discovery and remote depositions mitigate inconvenience, they do not remove, however, the possibility that if this case proceeds to trial, the witnesses and parties may have to appear for trial in the Norfolk Division.

Defendants have shown that a high concentration of the potential witnesses reside in the Alexandria Division. Moreover, Defendants' business operations could be greatly inconvenienced if their officers and managers must attend a trial in the Norfolk Division. See Tommy Bahama Group, Inc. v. The Walking Co., 2007 WL 3156254 (N.D. Ga. Oct. 19, 2007). Consequently, the Court finds that the convenience of the witnesses weighs in favor of transfer.

### 4. Interest of Justice

Finally, the Court must consider the "interest of justice." This analysis encompasses various factors, including "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment." Bd. Of Trustees v. Baylor Heating and Air Conditioning, 702 F. Supp. 1254, 1260 (E.D. Va. 1988) (citations omitted). The only factor listed in the previous citation that is applicable to the instant matter is the pendency of a related action. All of the other factors are neutral to this Court's analysis.

The Court finds that the interest of justice weighs heavily in favor of transferring this matter. See generally Pragmatus AV, 769 F. Supp. 2d at 996 (identifying "[r]elevant considerations in evaluating the 'interest of justice,'" such as "the pendency of a related action" (citation omitted)). In their Reply to Plaintiff's Response in Opposition, Defendants raise the fact that this Court should transfer this case to the Alexandria Division because Plaintiff Jenkins' attorneys have filed a similar and closely related action for the LPs of Defendants in the Alexandria Division. ECF No. 30 at 4. After the Virginia plaintiffs were dismissed from the Cossaboom case, Plaintiff Jenkins, filed her new case in the Norfolk Division, while Joel Hughes, a LP who worked for Defendants in Alexandria, filed his new case in the Alexandria Division. See Hughes et al. v. NVR, Inc. et al., Case No. 1:21-cv-01018. The Hughes case, which is before Judge Rossie D. Alston, Jr., is remarkably similar to this case that Plaintiff Jenkins filed. They are closely related because the claims are against Defendants, arise from the dismissal of the claims from the Cossaboom case, involve similar claims, defenses, and questions of law, will involve overlapping discovery, and all parties are represented by the same attorneys. Id. The Hughes case was also filed on the exact day the instant suit was brought. Id.

If these two proceedings remained in separate divisions, this Court and the district court presiding over the litigation in Alexandria would engage in potentially duplicative case management and there would be a risk of conflicting rulings. Byerson v. Equifax Info. Servs., LLC, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) ("Most prominent among the elements of systemic integrity are judicial economy and the avoidance of inconsistent judgments."). While the Hughes case does not share the same plaintiff as this case, it is very closely related to this action in that both concern Defendants' overtime policies, and they should be decided together in the same forum in the interest of justice and judicial economy. This Court finds that the presence of closely

9

related litigation in the Alexandria Division weighs heavily in favor of transferring this action to the Alexandria Division.

## V. CONCLUSION

After balancing the aforementioned factors, the Court finds that Defendants have carried their burden. Plaintiff Jenkins' choice of forum does not weigh heavily against transfer, and convenience of the parties and witnesses weighs in favor of transfer. Finally, the interest of justice weighs heavily in favor of transfer. Thus, the Court **FINDS** that the balance weighs strongly in favor of transfer. The Court therefore **GRANTS** Defendants' Motion to Transfer and **TRANSFERS** this case to the United States District Court for the Eastern District of Virginia, Alexandria Division for all further proceedings.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record and to forward the case to the United States District Court for the Eastern District of Virginia, Alexandria Division.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
UNITED STATES DISTRICT JUDGE
Senior United States District Judge

Norfolk, VA
December 2, 2021